**Nancy A. McCREARY, Plaintiff,**

v.

**Richard S. WILT, Carl R. Swanger, Roger V. Grove, and Kenneth R. Whitsell, Defendants.**

**No. 1:CV–98–0642.**

United States District Court, M.D. Pennsylvania.

July 28, 1998.

Nancy A. McCreary, East Freedom, PA, pro se.

Charles B. Swigart, Huntingdon, PA, for Richard S. Wilt, Carl R. Swanger, Curt Danfelt, Roger V. Grove, Kenneth R. Whitsell, Defendants.

### *MEMORANDUM*

RAMBO, Chief Judge.

Before the court is Defendant Kenneth R. Whitsel's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant has filed a supporting brief. In response, Plaintiff filed a "motion to dismiss Defendants [sic] motion to dismiss for lack of

jurisdiction," which the court deems to be a brief in opposition to Defendant's motion. As the time for filing a reply brief has expired, the motion is ripe for disposition.

## I. Background

Plaintiff, proceeding *pro se*, brought this action on April 16, 1998 alleging that Defendants cut and stole timber from her property. Under the heading of "causes of action" in the complaint, Plaintiff asserts that Defendants' conduct constituted theft and criminal mischief under state criminal law. In the "jurisdiction & venue" section of her complaint, she references the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961–1968. She seeks damages "in excess of $50,000.00 per Defendant." (Compl. at 4.)

## II. Discussion

Defendant argues that the instant action is not within this court's jurisdiction. Defendant correctly asserts that federal courts are courts of limited jurisdiction. *See* Charles Allen Wright, *Law of Federal Courts*, at § 7 (5th ed.1994). The courts "are empowered to hear only such cases as are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisdictional grant by Congress." *Id.*

In the case at bar, Plaintiff asserts only that federal question jurisdiction exists.[1] Congress has vested federal courts with jurisdiction of claims arising from federal law as follows: "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ The only federal statute Plaintiff cites in the complaint is the federal RICO statute, 18 U.S.C. § 1961. Generally, the reference to a federal question in the complaint precludes dismissal for lack of subject matter jurisdiction. As the Third Circuit recently stated:

Whether the complaint states a cause of action on which relief could be granted is a question of law and . . . it must be decided

after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1280 (3d Cir.1993) (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Thus, "[d]ismissal for lack of jurisdiction is not appropriate merely because the legal theory is probably false, but only [if] the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy' " *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir.1987) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)).

The Supreme Court applied this principle in *Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). There, the plaintiff asserted a Fourth Amendment claim based upon the issuance of a subpoena. The court recognized that the plaintiff did not state a cognizable Fourth Amendment claim but, nevertheless, concluded that the district court erred in dismissing the complaint for lack of subject matter jurisdiction. *See Wheeldin*, 373 U.S. at 649, 83 S.Ct. 1441.

■ In the case at bar, broadly construing the *pro se* complaint, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Plaintiff has brought a civil action pursuant to the federal RICO statute. *See* 18 U.S.C. § 1964 (providing for civil remedies). Although it appears from the face of the complaint that the RICO claim will likely fail because Plaintiff has not alleged a pattern of racketeering activity, *see* 18 U.S.C. § 1962, that determination would require a merits analysis which is not appropriate when deciding a Rule 12(b)(1) motion. Accordingly, the court will deny Defendant's motion to dismiss for lack of subject matter jurisdiction. The court is willing, however,

---

1. The court notes that diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist because all of the parties are residents of Pennsylvania.

to entertain a subsequent motion to dismiss the RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal of Plaintiff's federal claim early in the case may result in dismissal of Plaintiff's facially valid state law claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c). If that circumstance arises, Plaintiff would be relegated to litigating this action in state court.

## III. Conclusion

In accordance with the foregoing discussion, the court will deny Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The dismissal will be without prejudice, however, to file a subsequent motion to dismiss on the merits pursuant to Rule 12(b)(6). An appropriate order will issue.

### *ORDER*

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant Kenneth R. Whitsell's motion to dismiss for lack of subject matter jurisdiction is **DENIED** without prejudice to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).