

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2006

# Darden v. Laurie

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1465

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Darden v. Laurie" (2006). *2006 Decisions.* Paper 479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DPS-318** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1465
_____

DEREK C. DARDEN,

Appellant

v.

LAURIE, Nurse; JOAN CROWE,
R.N. Head Nurse; DAVIS, Dr.;
RICHARD GOLDBERG, Dr.;
HARRIS GUBERNICK, Director;
LAUREY TURNER

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. O5-cv-02118)
District Judge: Honorable William H. Yohn, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 24, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed September 6, 2006)

_____

OPINION

_____

PER CURIAM

Derek Darden appeals the dismissal of his civil rights complaint by the United States District Court for the Middle District of Pennsylvania. We will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

I.

According to Darden's complaint, on April 4, 2004, he slipped and fell down eleven steel and concrete steps and landed on a concrete floor in the Bucks County Correctional Facility. Nurse Turner and the other prison officials who responded moved him onto a back board and returned him to his cell. Although Darden told officials that he was in serious pain, he was not placed in a neck brace or examined by prison staff before being moved, no paramedics were called, and he was not taken to the prison's dispensary or the hospital. The next day, Darden was taken by wheelchair to another block of the prison, where he was put on "lockdown" until he saw Dr. Davis on April 8, 2004.

Darden asserts that the defendants provided inadequate treatment after the fall. Specifically, Darden contends that Dr. Davis refused to provide him with a cane, wheelchair or walker, and that his pain continued, at times radiating down his arms and legs, and causing his hands to shake. When he received the results of his MRI, Darden, who was still sometimes in "extreme and excruciating pain," suspected that both Dr. Davis and Dr. Goldberg were being "deceptive" in delivering the results. He also

2

contends that Director Gubernick improperly deferred to the medical department when he responded to Darden's grievances and failed to use his authority to further investigate Darden's treatment. According to Darden, as a result of the fall he suffers from severe pain in his shoulders, back, arms, and legs, as well as headaches, dizziness, and memory loss. He alleges he can no longer function normally or seek employment.

Drs. Davis and Goldberg filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. All other defendants filed motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The District Court granted the motions. Darden now appeals the District Court's judgment.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing the District Court's grant of motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), we must accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from them. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). In order for Darden's Eighth Amendment claim to prevail under 42 U.S.C. § 1983, Darden must show that prison officials were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976). Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections. Id. at 105-06. Instead, deliberate indifference requires a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

3

Disagreements with a medical judgment cannot form the basis of an Eighth Amendment claim.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Though Darden has clearly endured significant hardship, his allegations do not amount to deliberate indifference.  Rather, his pleadings demonstrate the amount of medical attention he received from the defendants.  According to the complaint, Darden saw Dr. Davis on April 8, 14, 20, 23, 30, and May 3, 7, 11, 17, 25.  He was given pain medication, received an x-ray within five days of the accident, and was given a recommendation for a neck brace.  As Darden continued to experience pain, he was sent to visit Dr. Goldberg, an orthopedic surgeon, and underwent an MRI.  The physicians' post-MRI opinion was that the fall likely aggravated a pre-existing condition in his upper and lower vertebras, but the resulting problems would likely go away.  Darden continued to be treated with pain medication until he was transferred out of the facility.  Though Darden clearly disagrees with his treatment, and perhaps also his diagnosis, that disagreement does not articulate a claim.  Darden's allegation that he was not treated until the fourth day after his injury, if true, may be troubling, but in the larger context of all of the care he received, that fact alone does not allege that the defendants both knew of and disregarded an excessive risk to Darden's health or safety.  See Farmer, 511 U.S. at 837.  In sum, the facts Darden presents do not amount to an allegation that the defendants were deliberately indifferent in their care.

With regard to Drs. Davis and Goldberg, we are unpersuaded that Darden's claims

4

meet the stringent criteria for dismissal pursuant to Rule 12(b)(1). See Kulick v. Pocono

Downs Racing Ass'n, 816 F.2d 895, 898-99 (3d Cir. 1987) (federal court has jurisdiction

over § 1983 suit so long as the plaintiff alleges that defendant's actions violate federal

law; legal question of whether facts alleged state a violation is question on the merits);

Kehr Packages, Inc., v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (noting that

threshold to withstand 12(b)(1) motion to dismiss is lower than that required to withstand

12(b)(6) motion) (citation omitted). However, for the same reasons we gave earlier, we

concur with the District Court that Dr. Davis is entitled to dismissal pursuant to Rule

12(b)(6).[1]

Regarding Dr. Goldberg, though we largely agree with the district court's analysis,

we find its dismissal more appropriately denominated as one pursuant to Rule 12(b)(6).

See Black v. Payne, 591 F.2d 83, 86 n.1 (9th Cir. 1979) (where district court decision

addressed the merits of whether appellant had established the prerequisites for each

claim, appellate court treated district court's grant of motion to dismiss for lack of subject

matter jurisdiction as dismissal for failure to state a claim under Rule 12(b)(6)) cert.

denied, 444 U.S. 867 (1979); see also Kehr, 926 F.2d at 1409. Consistent with our

findings concerning the other defendants, in light of the deliberate indifference standard

we outlined above, Darden's claims against Goldberg do not state an Eighth Amendment

---

[1]Dr. Davis also filed a motion to dismiss pursuant to Rule 12(b)(6), which the District Court said it would have granted had it "not already granted his Rule 12(b)(1) motion." Darden v. Laurie, No. 05-2118, 2006 WL 120037 at *5 n.10 (E.D. Pa. Jan. 13, 2006). Dr. Goldberg did not file a motion to dismiss pursuant to Rule 12(b)(6).

violation.

Accordingly, Darden's appeal is without legal merit and we will dismiss it pursuant to § 1915(e)(2)(B).