KULICK, Robert J., Appellant,

v.

POCONO DOWNS RACING ASS'N, INC. Banks, Joseph, in his capacity as President of Pocono Downs Racing Ass'n, Inc., Appellees.

No. 86–5294.

United States Court of Appeals, Third Circuit.

Argued Dec. 19, 1986.

Decided April 23, 1987.

Richard G. Phillips (argued), Richard G. Phillips Associates, Philadelphia, Pa., for appellant.

Jerry B. Chariton (argued), Steven M. Greenwald, Wilkes-Barre, Pa., for appellees.

Before HIGGINBOTHAM and BECKER, Circuit Judges and DUMBAULD, District Judge.*

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal in a civil rights case concerns the authority of a district court to use its factual findings about the existence of state action made during a preliminary injunction proceeding as a basis for determining its own jurisdiction. The plaintiff, Robert J. Kulick, owns horses which he races at Pocono Downs, a harness track in Wilkes-Barre, Pennsylvania. Defendants are Pocono Downs Racing Association, Inc. and its President and principal stockholder, Joseph Banks. Kulick sued pursuant to 42 U.S.C. § 1983 for damages and injunctive relief, alleging that he had been ejected from the race track under Banks' order without due process of law and thereby lost the right to bet at the track and to be on the premises when his horses were racing.[1]

Following a preliminary injunction hearing, the district court dismissed the action for want of subject matter jurisdiction[2] on the basis of its conclusion that Kulick had not established that the actions of defendants were taken under color of state law. It may be that Kulick will ultimately have difficulty proving state action or any of the other elements of his due process claim. We conclude, however, that the court should not have treated its preliminary injunction findings as conclusive on the issue of jurisdiction because the presence of state action was properly a concern not of jurisdiction but of the merits. We therefore reverse and remand for further proceedings.

### I.

The requirement in a section 1983 case that the challenged conduct be taken "under color of state law" has been treated identically to the "state action" requirement of the fourteenth amendment. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 929, 102 S.Ct. 2744, 2749, 73 L.Ed.2d 482 (1982). Of the various state action tests summarized in *Krynicky v. University of Pittsburgh*, 742 F.2d 94, 98 (3d Cir.1984), two are relevant to this case: the "symbiotic relationship" test and the "nexus" test. The Supreme Court has found state action where the state has so far insinuated itself into the position of interdependence with a private party that the relationship of the two becomes symbiotic. *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 861, 6 L.Ed.2d 45 (1961). The Court has also held that state action may exist when there is a sufficiently close nexus between the state and the challenged action of a private entity such that the actions of the private actor may fairly be attributed to those of the state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,

---

* The Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. Pocono Downs acknowledges the possibility that it might also prohibit Kulick from racing his horses at Pocono Downs. At the time of the

district court hearing, however, no such action had been taken.

2. The district court's order also denied an application for a preliminary injunction, but that order is not challenged on appeal.

351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).

Kulick concedes that the mere state regulation of harness racing, albeit heavy, is not alone sufficient to satisfy the "symbiotic relationship" test for state action. He relies, however, on *Fitzgerald v. Mountain Laurel Racing, Inc.*, 607 F.2d 589 (3d Cir. 1979), in which a sharply divided panel found the nexus requirement satisfied because state officials, acting in their official capacity, participated in the decision of racing track management to expel the plaintiff.

At the preliminary injunction hearing, Kulick tried to satisfy the nexus test by pointing out that his ejection slip listed Kulick's violation of a state Racing Commission rule as one reason for ejection. Further, Kulick attempted to establish that state racing officials participated in the decision to expel him through the testimony of Eugene Lipsi, a director of the track. Mr. Lipsi testified that Banks, the track president, had told him that the racing judges had told the general manager that Kulick should be ejected.[3] According to Lipsi, Banks was informed that the presiding state racing judge felt that he had no hard evidence to evict Kulick, but "he suggested that Pocono Downs evict him."

On the other hand, Banks' direct testimony was that he had "received no information from anyone, under any circumstances, which indicated what [the racing judge's] opinion might be of Mr. Kulick" or whether the judge thought Kulick should be evicted. The district court, which heard the evidence and observed the witnesses, properly proceeded to weigh the conflicting testimony before ruling on the preliminary injunction motion. The court concluded that the racing judges "played no part" in Banks' decision to evict Kulick and accordingly denied the motion for failure to demonstrate a likelihood of success on the merits.

## II.

Following its denial of the preliminary injunction, the district court proceeded to dismiss the complaint for lack of jurisdiction on the grounds that Kulick had not established state action. The court relied on its preliminary injunction finding that state officials had not participated in the decision to expel Kulick from the track. Kulick does not challenge this finding as support for the district court's denial of the preliminary injunction. Kulick does challenge the district court's reliance on this finding for dismissal of the case, however, and we agree that this dismissal was in error.

■ The district court had jurisdiction over Kulick's § 1983 civil rights claim under 28 U.S.C. § 1331's general grant of federal question jurisdiction and under 28 U.S.C. § 1343(3)'s grant of civil rights jurisdiction.[4] Under either section, a court has jurisdiction over the dispute so long as the plaintiff alleges that defendant's actions violate the requisite federal law: under § 1331, any federal law; under § 1343, only laws that relate to civil rights. Once the plaintiff has met this threshold pleading requirement, however, the truth of the facts alleged in the complaint is a question on the merits, as is the legal question

---

**3.** This indication of state involvement was admitted into the record, despite a potential hearsay within hearsay problem, Fed.R.Evid. 805, to show that the racing judges had actually told Banks to eject Kulick. First, Banks' statements and his recitation of the statements of the general manager are admissions by a party-opponent and are therefore not hearsay under *Rule 801(d)(2)*. Second, the statements of the racing judges are not hearsay because Kulick does not offer them to prove the truth of their content, namely that Kulick should in fact have been ejected, but only to prove that they made the statements. As noted by the Advisory Committee to Rule 801(c), "If the significance of the offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted and the statement is not hearsay ... the effect is to exclude from hearsay the entire category of 'verbal acts' ... in which the statement itself affects the legal rights of the parties...." Thus, each part of the combined statements appears to pass hearsay rule muster.

**4.** Section 1343 may have become an anachronism in the wake of the 1980's amendment to § 1331 to eliminate the amount in controvers requirement. Pub.L. 96–486, § 2(a), 94 Stat. 2369.

whether the facts alleged establish a violation. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–29, 57 L.Ed.2d 595 (1978); *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).[5] Otherwise, the district court could turn an attack on the merits, against which the party has the procedural protections of a full trial including the right to a jury, into an attack on jurisdiction, which a court may resolve at any time without a jury pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).[6]

In this respect, it is important to distinguish elements of a claim that relate to Congress's jurisdiction, i.e., its constitutional authority to act, from issues that relate to the jurisdiction of the courts. For example, one element of a federal antitrust claim is that the defendant's anticompetitive activity have a substantial affect on interstate commerce, and this element brings the antitrust laws squarely within Congress' authority to legislate under the Commerce Clause of Article I, section 8. Similarly, the state action requirement of a § 1983 claim constitutes a basis for Congress to regulate conduct pursuant to § 5 of the Fourteenth Amendment. Courts sometimes refer to these elements as jurisdictional. *See McLain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980) (referring to effects on interstate commerce as jurisdictional requirement).

But the jurisdictional concerns that a court has the power to resolve on its own pursuant to a Rule 12(b)(1) motion involve the court's jurisdiction. That jurisdiction is defined first by Article III of the Constitution, which enumerates the kinds of powers that Congress may vest in the federal courts, and then by statutes, such as §§ 1331 and 1343, which actually vest a court with power. Thus, the court independently resolves questions such as standing and diversity. Elements of a claim that are called jurisdictional because they relate to Congress's jurisdiction remain questions of the merits, and the Supreme Court has made clear that a court may resolve them only in the manner that the court may resolve all other questions of the merits. *McLain*, 444 U.S. at 246, 100 S.Ct. at 511.[7]

■ In limited circumstances, the Supreme Court has permitted courts to dismiss a claim for lack of jurisdiction if the federal claim is "made solely for the purpose of obtaining jurisdiction" or if the claim is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. at 682–83, 66 S.Ct. at 776. These exceptions do not permit a court to prejudge the facts alleged in the complaint, however, for a court may dismiss for lack of jurisdiction only if claims are "insubstantial on their face." *Hagans v. Lavine*, 415 U.S. 528, 542 n. 10,

---

5. *See also Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 279–80 (7th Cir.1986) (citing cases); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir.1985) (citing cases) ("[W]hen a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."); 2A J. Moore & J. Lucas, *Moore's Federal Practice* para. 12.07 [2.–1], at 12–45 to –51 (1986).

6. As the court stated in *Daigle,* other consequences follow from the distinction between dismissal for lack of subject matter jurisdiction and dismissal on the merits:

Whether a dismissal is for want of jurisdiction, for failure to plead a claim, or for the failure to prove a genuinely disputed material fact is significant for more than technical reasons. A dismissal for want of jurisdiction bars access to federal courts and is *res judicata* only for the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court. If, on the other hand, a plaintiff's complaint fails to state a claim, he may request an opportunity to amend and it will be liberally granted. Once final, however, such a dismissal operates as *res judicata* of the claim alleged and of other claims that might have been asserted. Summary judgment is a judgment on the merits; it has the same effect as if the case had been tried by the party against whom judgment is rendered and decided against him.

774 F.2d at 1348 (footnotes omitted).

7. *McLain* has overruled any suggestion to the contrary in *Mortenson v. First Federal Savings and Loan Ass'n,* 549 F.2d 884 (3d Cir.1977).

94 S.Ct. 1372, 1382 n. 10, 39 L.Ed.2d 577 (1974) (*quoting Brotherhood of Locomotive Eng'rs v. Chicago, Rock Island & Pac. R.R. Co.,* 382 U.S. 423, 428, 86 S.Ct. 594, 596, 15 L.Ed.2d 501 (1966)). Moreover, dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974).

█ In this case, the district court used its finding about the existence of state action on the preliminary injunction motion to resolve the issue of state action for purposes of jurisdiction. This use of the preliminary injunction was improper, for the factual existence of state action was not a question of jurisdiction. Dismissal for lack of jurisdiction was also not appropriate on the theory that Kulick's claim was legally frivolous. Our precedents establish that Kulick's theory of state action was a plausible legal theory. *See Fitzgerald,* 607 F.2d 589. While Kulick may have difficulty showing other elements of his claim, such as a deprivation of a property or liberty right or a failure to receive adequate process, we cannot say that his claim is so completely devoid of merit as to deprive the district court or this court of jurisdiction.

We have considered the possibility that we should treat the district court's dismissal following its preliminary injunction hearing as a dismissal on the merits for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, the district court dismissed solely on the grounds of inadequate state action. The complaint alleged sufficient facts to establish state action under this court's holding in *Fitzgerald,* and the court had no authority to look beyond the facts of the pleading in deciding whether to dismiss for failure to state a claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### III.

For the foregoing reasons the judgment of the district court dismissing Kulick's complaint for want of subject matter jurisdiction will be reversed and the case remanded for further proceedings.