**OPTIMUM, S.A., Plaintiff,**

**v.**

**LEGENT CORPORATION; Computer Associates International, Inc.; and Computer Associates de Argentina, S.A., Defendants.**

**Civil Action No. 95–2070.**

United States District Court,
W.D. Pennsylvania.

March 5, 1996.

---

Frank G. Salpietro, Richard T. Victoria, Meyer, Unkovic & Scott, Pittsburgh, PA, for plaintiff.

Thomas R. Johnson, Kirkpatrick & Lockhart, Pittsburgh, PA, for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

Presently before this Court is defendants' motion to dismiss for lack of subject matter jurisdiction.[1] For the reasons set forth in this opinion, the motion will be granted.

### I. Background

The facts set forth in plaintiff's complaint are as follows.

Since 1992, plaintiff was the exclusive marketing representative and distributor of computer software products sold by defendant Legent Corporation (Legent) in Argentina. In July of 1995, defendant Computer Associates International, Inc. (CA International) acquired a controlling interest in Legent's stock and, in September of 1995, Legent assigned its rights under the marketing contract with plaintiff to defendant Computer Associates de Argentina, S.A. (CA Argentina). CA Argentina is a wholly-owned subsidiary of CA International and allegedly is plaintiff's largest competitor. In October of 1995, CA Argentina terminated the marketing contract with plaintiff, allegedly without legal grounds, and allegedly for the purpose of enabling CA Argentina to monopolize the Argentine computer software market.

As a result of defendants' actions, plaintiff filed the instant action alleging that defendants have violated §§ 1 and 2 of the Sherman Act, 15 U.S.C. § 1, *et seq.*, by engaging in an unlawful combination and conspiracy to unreasonably restrain trade and monopolize commerce in the Argentine computer software market. Plaintiff has also filed claims

---

1. The defendants also seek dismissal on other grounds. However, because the Court finds dismissal appropriate for lack of subject matter jurisdiction, the Court will not discuss the defendants' alternate grounds for dismissal.

for breach of contract, for estoppel, for intentional interference with contractual relations, and, pursuant to Article 1071 of the Argentine Civil Code, for "abuse of rights."

## II. Discussion

Defendants have moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Specifically, the defendants allege that subject matter jurisdiction over the Sherman Act claims is lacking because the plaintiff has failed to demonstrate that the defendants' alleged anti-trust conduct has a direct, substantial and reasonably foreseeable effect on United States commerce. Defendants further allege that subject matter jurisdiction over the remaining claims is lacking due to the absence of complete diversity of citizenship.

■ When subject matter jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). This burden is not demanding, however, because a court may dismiss for lack of subject matter jurisdiction only when the right claimed is " 'so insubstantial, foreclosed by prior decisions of the [Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.' " *Kulick v. Pocono Downs Racing Association*, 816 F.2d 895, 898–99 (3d Cir.1987) (citations omitted). Further, when a Rule 12(b)(1) motion attacks a complaint on its face, i.e., when a defendant asserts that the undisputed facts are insufficient to demonstrate the existence of jurisdiction, a court must consider the uncontroverted allegations set forth in the complaint as true and accurate and resolve all ambiguity in favor of the plaintiff. *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977).

### A. Sherman Act claims

Defendants move to dismiss plaintiff's Sherman Act claims for lack of subject matter jurisdiction on the grounds that plaintiff has failed to demonstrate that defendants' alleged antitrust conduct has a direct, substantial and reasonably foreseeable effect upon United States commerce. However, the plaintiff contends that it has sufficiently pled the requisite effect on United States commerce.

■ Section 1 of the Sherman Act prohibits conspiracy "in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1. Section 2 of the Sherman Act prohibits monopolization and attempted monopolization "of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2. Although the Sherman Act applies to trade and commerce with foreign nations, it applies to foreign anti-trust conduct only to the extent that said conduct produces "some substantial effect in the United States." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 796, 113 S.Ct. 2891, 2909, 125 L.Ed.2d 612 (1993). Specifically, pursuant to § 6a of the Sherman Act, anti-trust conduct involving United States export commerce with foreign nations is actionable only if said conduct has a "direct, substantial, and reasonably foreseeable effect" on one of the following: (1) on United States domestic commerce; (2) on United States import commerce; or (3) on export commerce only to the extent that such conduct injures export business in the United States. 15 U.S.C. § 6a.

■ The § 6a limitation applies even where the anti-trust conduct originates in the United States or involves American-owned entities operating abroad. *Eurim–Pharm GmbH v. Pfizer, Inc.*, 593 F.Supp. 1102, 1106 (S.D.N.Y.1984). In addition, "a foreign company cannot demonstrate the domestic injury requirement by 'piggy-backing' onto the injury of a United States exporter." *The 'In' Porters, S.A. v. Hanes Printables, Inc.*, 663 F.Supp. 494, 500 (M.D.N.C.1987).

■ The failure to properly plead the requisite domestic effect is jurisdictional. *Gushi Brothers Co. v. Bank of Guam*, 28 F.3d 1535, 1544 (9th Cir.1994). Federal courts have repeatedly dismissed anti-trust claims for lack of subject matter jurisdiction where a foreign company failed to demonstrate that the alleged conduct has a direct, substantial and reasonably foreseeable effect in the

United States. *See The 'In' Porters,* 663 F.Supp. at 500–01; *Liamuiga Tours v. Travel Impressions, Ltd.,* 617 F.Supp. 920, 925 (D.C.N.Y.1985) *Eurim–Pharm,* 593 F.Supp. at 1107.

■ In this action, defendants' alleged anti-trust conduct involves commerce with a foreign nation (specifically, Argentina) and involves United States export commerce (specifically, the sale in Argentina of computer software products designed by Legent, an American corporation). Accordingly, the § 6a limitation is applicable to this action and, therefore, the plaintiff must demonstrate that the defendants' alleged anti-trust conduct had a direct, substantial and reasonably foreseeable effect either upon United States domestic commerce, United States import commerce, or export commerce which injures export business in the United States.

In its complaint, plaintiff asserts that the defendants' acts of anti-trust conduct "directly and substantially affect and impact the flow of commerce into and out of the United States" and "the flow of interstate commerce within the United States." (Plaintiff's complaint, at ¶¶ 61–62). Plaintiff's only explanation for this bald assertion is set forth on page 15 of its brief in opposition to defendants' motion to dismiss, as follows:

> The income at issue in this case has flowed and will continue to flow between corporations located in the United States and corporations located in Argentina. Furthermore, the extremely high share of the market controlled by the Defendants in this case creates a strong barrier to entry into the relevant product market for other entities located within the United States.

An allegation that income flows between corporations is insufficient to establish the requisite domestic effect. *See Eurim–Pharm,* 593 F.Supp. at 1107. Furthermore, plaintiff, a foreign corporation, cannot maintain an action under the Sherman Act based merely upon injury to United States exporters attempting to enter the Argentine computer software market. *See The 'In' Porters,* 663 F.Supp. at 500.

In its brief in opposition to defendants' motion to dismiss, plaintiff requests the right to amend its complaint under Fed.R.Civ.P. 15 in the event its complaint is insufficient. However, it is apparent from plaintiff's brief that plaintiff is unable to allege the requisite effect on commerce in the United States. *See Eurim–Pharm,* 593 F.Supp. at 1106.

Accordingly, plaintiff's Sherman Act claims will be dismissed for lack of subject matter jurisdiction.

### B. Remaining claims

The Court, having dismissed all of plaintiff's claims involving a federal question, now considers whether it has jurisdiction over plaintiff's other claims.

■ Defendants move to dismiss plaintiff's claims for breach of contract, estoppel, intentional infliction of contractual relations, and abuse of rights for lack of subject matter jurisdiction due to the absence of complete diversity of citizenship. Diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Likewise, there is no diversity jurisdiction in an action by an alien against citizens of a state and another alien. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 296 (3d Cir. 1980).

■ Plaintiff and defendant CA Argentina are Argentine companies, and both have their principal places of business in Buenos Aires, Argentina. Therefore, complete diversity does not exist. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's remaining claims.