NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 09-3013

—————

TOLEDO MACK SALES & SERVICE, INC.,
Appellant
v.

MACK TRUCKS, INC.

—————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 2:02-cv-04373)
District Judge: Honorable Ronald L. Buckwalter

—————

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2010

BEFORE: SCIRICA, AMBRO and ALARCÓN[*], Circuit Judges.

(Opinion Filed: July 7, 2010)

—————

OPINION

—————

ALARCÓN, Circuit Judge

—————

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for
the Ninth Circuit, sitting by designation.

Toledo Mack Sales & Service, Inc. ("Toledo Mack") has appealed from the judgment entered against it after a trial by jury in the action it filed against Mack Trucks, Inc. ("Mack Trucks") for conspiring to restrain trade unreasonably in violation of § 1 of the Antitrust Act ("Sherman Act"). Toledo Mack contends that this Court should reverse the District Court's judgment because the District Court abused its discretion in certain rulings regarding the admission of evidence, and it erred in its instruction to the jury on the type of evidence that a jury can consider in determining whether a defendant has conspired to violate the Sherman Act. We will affirm because we conclude that the District Court did not err in its evidentiary rulings or in its conspiracy instructions.

**I**

**A**

Toledo Mack filed this action on July 7, 2002. It claimed that Mack Trucks illegally conspired to restrict Toledo Mack's competition with other Mack Trucks dealers in violation of § 1 of the Sherman Act and committed price discrimination in violation of the Robinson-Patman Act. Toledo Mack also filed state law claims pursuant to the Ohio Motor Vehicle Dealer Act and for the tortious inference with contract. Mack Trucks filed counterclaims for breach of contract, misappropriation of trade secrets and confidential information, as well as civil conspiracy.

Prior to trial, the District Court granted Mack Trucks's motion for summary judgment on Toledo Mack's Robinson-Patman Act claim.

2

At the close of the evidence, the District Court granted Mack Trucks's motion for judgment as a matter of law on its counterclaim for misappropriation of trade secrets. The District Court also granted Mack Trucks's motion for judgment as a matter of law on Toledo Mack's Sherman Act claim. The District Court concluded that the evidence of Mack Trucks's conduct between 1998 and 2002 was insufficient to demonstrate the existence of a conspiracy because "the inferences [Toledo Mack] wants to draw fall short of reasonable ones in an antitrust context." (Joint Appendix 926.) The jury returned a verdict against Toledo Mack on the remaining state law claims and in favor of Mack Trucks on its counterclaims.

**B**

Toledo Mack filed an appeal from the judgment entered against it. This Court vacated the District Court's grant of judgment as a matter of law on Toledo Mack's Sherman Act claim and remanded for further proceedings. *Toledo Mack Sales & Serv. v. Mack Trucks* (*Toledo Mack I*), 530 F.3d 204, 229 (4th Cir. 2008). It concluded that in determining whether Toledo Mack presented sufficient evidence of a conspiracy to violate § 1 of the Sherman Act, this Court is required to "expose the evidence to the strongest light [most] favorable to the party against whom the motion [for judgment as a matter of law] is made and give [that party] the advantage of every fair and reasonable inference." *Id.* at 218. This Court concluded that the evidence presented by Toledo Mack was sufficient to place the question of the sufficiency of evidence before the jury. *Id.* at

3

220. This Court noted that "[t]he possibility that a jury might not believe the direct evidence does not, in itself, mean the jury should not consider it." *Id.* It also affirmed (i) the District Court's orders granting Mack Trucks's motion for summary judgment on Toledo Mack's Robinson-Patman Act claim and (ii) Mack Trucks's motion for summary judgment as a matter of law on its counter claim for misappropriation of trade secrets.

## C

Before trial, Toledo Mack filed three separate motions *in limine* to exclude evidence that (1) the deterioration of Toledo Mack's sales was caused by the fact that it was embroiled in several lawsuits, (2) Jeff Savage, Toledo Mack's top salesman, had been convicted of receiving stolen auto parts, and (3) the fact that Toledo Mack was terminated as a Mack Trucks's dealer for misappropriation of trade secrets. The District Court denied Toledo Mack's motions *in limine* without expressly indicating whether it had balanced the probative value of this evidence against its potential prejudicial effect on the jury's deliberation.

The jury returned a verdict in favor of Mack Trucks on each of Toledo Mack's claims. Toledo Mack filed a timely notice of appeal from the judgment rendered against it. Toledo Mack's contentions on appeal are limited to a challenge to the District Court's rulings on the admissibility of evidence, and whether the District Court erred in its instruction on direct and circumstantial evidence. This Court has jurisdiction over the District Court's final judgment pursuant to 28 U.S.C. § 1291.

**II**

**A**

In this appeal, Toledo Mack contends that "[t]he District Court Erroneously Admitted Irrelevant and Unfairly Prejudicial Evidence Regarding the First Trial, [Toledo] Mack's Previously Litigated Counterclaims and Toledo's Termination Proceeding." (Appellant's Opening Br. 40.)  Toledo Mack first asserts that this evidence was not relevant because it did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (*Id.* at 41.)

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as follows: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible;" however, "[e]vidence which is not relevant is not admissible."  A trial court's "rulings to admit or exclude evidence are reviewed for abuse of discretion if they are based on a permissible interpretation of the Federal Rules of Evidence." *Renda v. King*, 347 F.3d 550, 553 (3d Cir. 2003).

In its response to Toledo Mack's motions *in limine*, Mack Trucks argued that the challenged evidence was relevant to counter Toledo Mack's claim that its decline in sales

was caused by the alleged conspiracy to restrict sales out of a dealer's geographic area. Mack Trucks contended that evidence that David Yeager was preoccupied in the early 1990s with multiple lawsuits against refuse-hauling companies, at a time when Toledo Mack's sales took a decisive drop, was due in part to the fact that "Yeager had become obsessed and distraught over these legal wranglings, and as a result was not able to manage his dealership effectively." (Joint Appendix 693, Mack Trucks's Response to Toledo Mack's Three Motions in Limine.)

Mack Trucks also maintained that evidence that Toledo Mack's top salesman, Jeff Savage, was arrested for receiving stolen property was relevant to demonstrate that Toledo Mack's downturn in sales was caused by the publicity about his alleged criminal activity. Mack Trucks asserted further that the evidence that Toledo Mack's dealership was terminated for misappropriation of trade secrets was relevant to rebut Toledo Mack's contention that its termination was in retaliation for its sales practices. In addition, Mack Trucks argued that evidence that the Yeagers disavowed any knowledge that persons employed by Toledo Mack conspired to misappropriate Mack Trucks's trade secrets was admissible to support its defense that "the Yeagers routinely and for many years neglected the management of Toledo [Mack]."

In its order denying Toledo Mack's motions *in limine* to exclude Mack Trucks's proposed evidence, the District Court simply stated that it considered "Toledo Mack Sales & Service, Inc.'s Motion in Limine to Exclude Evidence of Prior Litigation, Criminal

Conviction, First Trial, Counterclaims and Dealer Termination Proceedings and Mack Trucks, Inc.'s Opposition thereto." It did not expressly state that it had balanced the probative value of the evidence proffered by Mack Trucks against its prejudicial effect.

"[C]ourts of [A]ppeals afford broad discretion to a district court's evidentiary rulings." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility, is a matter first for the district court's sound judgment under Rules 401 and 403 and ultimately, if the evidence is admitted, for the trier of fact." *United States v. Abel*, 469 U.S. 45, 54 (1984).

We are persuaded that the District Court did not abuse its discretion in rejecting Toledo Mack's contention that Mack Trucks's circumstantial evidence of the causes of Toledo Mack's declining sales was not relevant. Mack Trucks's proffered evidence had a tendency to demonstrate that it was probable that Toledo Mack's loss of sales was caused by poor management rather than Mack Trucks's alleged violation of § 1 of the Sherman Act.

**B**

Toledo Mack also argues that "[e]ven if Mack [Trucks] somehow had demonstrated that the matters raised in its counterclaims and the dealer termination proceeding had some minimal relevance, the District Court should have excluded that

evidence because its probative value was substantially outweighed by the unfair prejudice that it created for Toledo [Mack]." (Appellant's Opening Br. 42.)

In each of its motions *in limine*, Toledo Mack expressly requested that the challenged evidence be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Rule 403 provides as follows: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Toledo Mack correctly notes that the District Court did not expressly balance the probative value of relevant evidence that rebutted Toledo Mack's claim that its sales losses were caused by Mack Trucks's conduct against the potential for unfair prejudice to Toledo Mack.

In *United States v. Eufrasio*, 935 F.2d 553 (3d Cir. 1991), the district court also failed to articulate a Rule 403 analysis. *Id.* at 573. This Court stated, "[w]e encourage trial courts to make their Rule 403 balancing explicit whenever possible: express reasoning always helps appellate review." *Id.* Nevertheless, this Court affirmed the trial court's decision to admit the uncharged-crimes evidence "even though the court did not expressly articulate its Rule 403 analysis." *Id.*

This Court assumed in *Eufrasio* that by denying the motion *in limine*, the district court "implicitly struck a Rule 403 balance when it admitted the uncharged Mafia crimes evidence." *Id.* at 572. This Court held that, where a party objects to the admission of

8

evidence pursuant to Rule 403,

> we must confront the trial court's failure to articulate its balance between the probative value and the prejudicial effect of the evidence in one of two ways: either we decide the trial court implicitly performed the required balance; or, if we decide the trial court did not, we undertake to perform the balance ourself.

*Id.* (citing *United States v. Lebovitz*, 669 F.2d 894, 901 (3d Cir. 1982).

More recently, this Court held as follows in *Becker v. Arco Chem. Co.*, 207 F.3d 176 (3d Cir. 2000):

> Where, however, the district court fails to explain its grounds for denying a Rule 403 objection and its reasons for doing so are not otherwise apparent from the record, there is no way to review its discretion. *See United States v. Himelwright*, 42 F.3d 777, 781 (3d Cir. 1994). In those circumstances, we need not defer to the district court's ruling, and we may undertake to examine the record and perform the required balancing ourselves.

*Id.* at 181.

In view of the fact that the District Court did not explain its reasons for denying Toledo Mack's Rule 403 objections to Mack Trucks's proffered evidence, we will not defer to the District Court's ruling. Instead, we have elected to examine the record and perform the required balancing ourselves, pursuant to the law of this Circuit as set forth in *Becker*.

As discussed above, evidence that the cause of Toledo Mack's loss of sales was the Yeagers's preoccupation with multiple unrelated lawsuits, damaging publicity resulting from the conviction of Toledo Mack's top salesman for receiving stolen property, and the termination of Toledo Mack as a Mack Truck dealer because it

misappropriated trade secrets, was relevant to demonstrate that Mack Trucks was not responsible for Toledo Mack's financial plight, and that its dealership with Mack Trucks was not terminated in retaliation for Toledo Mack's sales practices.

Toledo Mack's claim that Mack Trucks violated § 1 of the Sherman Act was based on its claim that Mack Trucks entered into an agreement with some of its dealers not to compete with each other by offering lower sales prices. Mack Trucks's defense was that it did not conspire to violate the Sherman Act and that any business losses suffered by Toledo Mack resulted from mismanagement and bad publicity. Thus, the dispositive issue for the jury was whether Mack Trucks was responsible for the loss of Toledo Mack's sales. The evidence that Mack Trucks proffered regarding the cause of Toledo Mack's sales losses was critical to its defense that it was not liable to pay Toledo Mack any damages because its business wounds were self-inflicted. Accordingly, Mack Trucks's evidence had great probative value that was essential to its defense and was not substantially outweighed by the danger of unfair prejudice to Toledo Mack. In fact, exclusion of this relevant evidence would have been prejudicial to Mack Trucks's defense. Therefore, we conclude that the denial of Toledo Mack's motions *in limine* did not violate Rule 403.

## III

Mack Trucks filed a motion *in limine* to exclude evidence of fifteen depositions taken in the RDK Action. It argued that the depositions were taken after the first trial in

this matter in an unrelated action that allegedly took place fourteen years after the conspiracy alleged against Toledo Mack. Mack Trucks asserted in its motion that the depositions taken in the RDK action were irrelevant and inadmissible under Rule 403.

Toledo Mack argues that Mack Trucks "never raised Rule 403 when it moved *in limine* to preclude deposition testimony from the RDK Action and has therefore waived this argument on appeal." (Appellant's Reply Br. 27.) We disagree. In its motion *in limine* Mack Trucks expressly contended that the deposition testimony "must be excluded because Mack [Trucks] did not have the motive and opportunity to examine the witnesses from the RDK Action on issues relevant to this case. The introduction of this voluminous evidence will undoubtedly confuse the jury and waste time." Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "*confusion of the issues*, or misleading the jury, or by considerations of undue delay, *waste of time*, or needless presentation of cumulative evidence." (emphasis added.)

In its response to Mack Trucks's motion *in limine*, Toledo Mack argued that the depositions were admissible because "all but two of the witnesses Toledo [Mack] sought to introduce were indisputably 'unavailable' because they reside outside the District Court's subpoena power." (Appellant's Opening Br. 56-57.) Toledo Mack also asserted that the depositions were admissible because "Mack [Trucks] is a defendant in both cases and was represented by the same lawyers at every deposition that Toledo [Mack] sought

11

to introduce." (*Id.* at 57-58.) Mack Trucks maintains that the deposition testimony was not relevant and admissible because it did not have the motive to develop the testimony of the witnesses in the RDK Action regarding this unrelated matter. (Appellee's Opening Br. 51.)

The District Court did not explain the basis for its decision to deny Toledo Mack's motion *in limine*, nor did it expressly balance the impact of the evidence pursuant to Rule 403. We have independently examined the record pursuant to *Becker*. We are persuaded that introduction of evidence of the unrelated RDK action would have caused undue delay in the presentation of evidence, confused the issues presented in this action, and wasted the time of the trial court and the jury. Accordingly, we conclude that the District Court did not abuse its discretion in implicitly denying Toledo Mack's motion *in limine*.

## IV

At trial, Toledo Mack objected to the introduction of fifteen letters from Mack Trucks's dealers opposing Mack Trucks's 1989 policy of restricting sales outside a dealer's territory on the grounds that they contained hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

Mack Trucks argued to the jury that the letters should be considered as demonstrating that some of Mack Trucks's dealers opposed Mack Trucks's 1989 policy of limiting sales assistance. The letters were presented to Mack Trucks at a meeting.

12

Two weeks later, the policy regarding the denial of sales assistance outside a Mack Trucks dealer's assigned area was rescinded.

"If the significance of the offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted and the statement is not hearsay." *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 897 n.3 (3d Cir. 1987). The letters were admissible to prove that complaints had been made about Mack Trucks's policy, not for the truth of the matter asserted. Accordingly, the District Court did not abuse its discretion in admitting the letters.

## V

Toledo Mack contends that the District Court's instructions improperly limited the evidence that the jury could consider in determining whether the evidence it presented demonstrated that Mack Truck engaged in an illegal conspiracy in violation of § 1 of the Sherman Act. Toledo Mack argues that the District Court erred as a matter of law in instructing the jury to limit its consideration of the circumstantial evidence of a conspiracy presented by Toledo Mack. Toledo Mack argues that the District Court's conspiracy instruction violated this Court's holding in *Toledo Mack I* that "Toledo [Mack] had presented [sufficient] direct evidence of a conspiracy between Mack [Trucks] and its dealers." (Appellant's Opening Br. 32.)

"Unless a trial judge misstates the law, the judge's rulings on points for charge may be reversed only if the judge committed an abuse of discretion." *Bhaya v*

13

*Westinghouse Elec. Corp.*, 922 F.2d 184, 191 (3d Cir. 1990).  We must determine,

therefore, if the trial judge misstated the law in its conspiracy instruction.

The District Court instructed the jury as follows:

A conspiracy is a kind of partnership in which each person that is found to
be a member of the conspiracy is liable for all acts and statements of the
other members made during the existence of and in furtherance of the
conspiracy.  To create such a relationship, two or more persons must enter
into an agreement that they will act together for some unlawful purpose or
to achieve a lawful purpose by unlawful means.

To establish the existence of a conspiracy, however, the evidence need not
show that the members of the conspiracy entered into any expressed, formal
or written agreement, that they met together or that they directly stated what
their object or purpose was, or the details of it or the means by which they
would accomplish their purpose.  The agreement itself may have been
entirely unspoken.  What the evidence must show to prove a conspiracy
existed is that the alleged members of the conspiracy in some way came to
an agreement to accomplish a common purpose.  It is the agreement to act
together that constitutes conspiracy.

Now, a conspiracy may be formed without all the parties coming to
agreement at the same time.  The unlawful agreement may be shown if the
proof establishes that the parties knowingly worked together to accomplish
a common purpose, it is not essential that all persons acted exactly alike,
nor is it necessary that they all possessed the same motive for entering the
agreement.

Now, direct proof of a conspiracy may not be available.  A conspiracy may,
however, be disclosed by the circumstances or by the acts of the members.
Therefore, you may infer the existence of an agreement from those actions
you find that the alleged members actually undertook, as well as from the
words they used.

Now, mere similarity of conduct among various persons, however, or the
fact that they may have associated with one another, and may have met or
assembled together and discussed common aims and interests, does not
establish the existence of conspiracy unless it tends to exclude the

14

possibility that the persons were acting independently. If they acted similarly but independently of one another without any agreement among them, then there would be no conspiracy.

The onus is not that you have to show that all of the means or methods allegedly employed by the members of the conspiracy were agreed upon to carry out the alleged conspiracy; nor that all the means or methods that were agreed upon were actually used or put into operation; nor that all persons alleged to be members of the conspiracy actually were members.

What the evidence must show is that the alleged conspiracy of two or more persons existed, that one or more of the means or methods alleged was used to carry out his purpose and that Mack Trucks and some of its dealers knowingly became members of the conspiracy.

Finally, in determining whether an agreement has been proved, you must view the evidence as a whole and not piecemeal. You should consider all the evidence offered by Toledo [Mack] and Mack Trucks to determine whether a conspiracy existed and whether Mack [Trucks] joined it. For example, you should consider evidence presented at trial from the 1980s and the 1990s just as you should more recent evidence.

The District Court also instructed the jury on the difference between direct

evidence and circumstantial evidence:

[T]here were two types of evidence presented. There was direct evidence, which is evidence of something the witness observed from the use of his senses, something he saw, heard, maybe smelled, something through the use of senses, that's direct evidence. The other type of evidence is circumstantial evidence and circumstantial evidence is every bit as good as direct evidence, provided that inference you draw from facts which you have found to be correct is a reasonable one. Now, the example that has been given from time in memorial [sic] is the raining-outside example; it's a good example. I add a little bit more to it in this respect: Suppose the question before you now is, has it been raining since you came into the courtroom this morning? I think today it was sunny, wasn't it, when we came in? For a change. The question was, has it rained? And suppose while you were here today you heard unmistakable claps of thunder like yesterday, right? God, it was terrible. Unmistakable claps of thunder.

15

Could you reasonably infer from that that it was raining? Maybe you could, it's going to be up to you to decide what's a reasonable inference, but suppose you also saw people come in here shaking off umbrellas and so forth. You put those two together, then I think most would agree it's a reasonable inference that it was raining outside.

Toledo Mack contends that the District Court erred in failing to tailor its instructions to the evidence Toledo Mack presented to the jury. Toledo Mack argues that because it presented direct evidence of a conspiracy, the District Court erred in instructing the jury that it could not infer the existence of a conspiratorial agreement from circumstantial evidence "unless it tends to exclude the possibility that the persons were acting independently. If they acted similarly but independently of one another without any agreement among them, then there would be no conspiracy."

Toledo Mack acknowledges that the Supreme Court held in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 475, 574 (1986), that "conduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy." *Id.* at 588. Toledo Mack also correctly notes that this Court has held that "in direct evidence cases, the plaintiff need not adduce circumstantial evidence 'that tends to exclude the possibility that the alleged conspirators acted independently.'" *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452, 466 (3d Cir. 1998) (quoting *Matsushita*, 475 U.S. at 588).

Toledo Mack contends that the District Court's instructions on circumstantial evidence were contrary to the law of this Circuit as set forth in *Rossi* because Toledo

16

Mack presented direct evidence at trial. Toledo Mack maintains that the District Court's instruction repeated "at the trial stage the error that the District Court made when it granted judgment as a matter of law [in *Toledo Mack I*]." (Appellant's Opening Br. 33.) This argument ignores the difference between the duty of a district court to deny a motion for a judgment as a matter of law if the evidence, viewed in the light most favorable to the nonmoving party, is sufficient for presentation to a jury to determine its credibility and weight, and whether the plaintiff's direct evidence of an unlawful agreement has been proved to the jury by a preponderance of the evidence. In *Toledo Mack I*, this Court stated:

> It may well be that Toledo's inability to present the details of any agreement among dealers would leave a jury unpersuaded that such agreements did in fact exist. That, however, is not our inquiry. Instead, we must consider whether the evidence entitles Toledo to place that question before the jury at all. We believe it does. Simply put, Toledo's evidence was sufficient because a jury considering it could believe it and reasonably conclude that agreements not to compete did exist among Mack dealers. The possibility that a jury might not believe the direct evidence does not, in itself, mean that the jury should not consider it.

*Toledo Mack I*, 530 F.3d at 220.

The District Court fully complied with this Court's decision in *Toledo Mack I* in instructing the jury on direct and circumstantial evidence. Toledo Mack's interpretation of the effect of *Toledo Mack I* on the sufficiency of the evidence is seriously flawed. Contrary to Toledo Mack's contention in this matter, the District Court was not required by this Court's mandate in *Toledo Mack I* to instruct the jury that it must accept Toledo

Mack's direct evidence as sufficient and credible to demonstrate that Mack Trucks conspired to violate § 1 of the Sherman Act. The District Court did not err as a matter of law in its instructions to the jury that it had to decide whether Toledo Mack had presented credible and sufficient direct evidence of a conspiracy.

## Conclusion

We AFFIRM because we have concluded that each of Toledo Mack's challenges to the District Court's rulings does not persuade us otherwise.