NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4101
_____

ROBIN V. WILLIAMS,

Appellant,

v.

TEMPLE UNIVERSITY HOSPITAL; DISTRICT COUNCIL 1199C,
Appellees.

_____

On Appeal from the United States District Court
for the
Eastern District of Pennsylvania
(D.C. Civ. No. 05-2789)
District Judge: Petrese B. Tucker

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 6, 2010

Before: FUENTES, JORDAN, AND ALDISERT, Circuit Judges.

(Opinion Filed:   November 12, 2010  )
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

1

Robin Williams brought this action in federal court, claiming that, after she was injured on the job and obliged to take leave, her employer, Temple University Hospital ("Temple"), fired her from her full-time position and offered her a part-time position instead. As well as we can discern, she alleges that her firing was in violation of the Americans with Disabilities Act ("ADA"). The District Court granted Temple's motion to dismiss for lack of jurisdiction. We affirm, but on different grounds from those discussed in the decision of the District Court.

## I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. Because defendants Temple and District Council 1199C ("District Council") made a facial challenge to jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as well as a motion under Fed. R. Civ. P. 12(b)(6), we take Williams's allegations to be true. Williams worked for eight years at Temple in various positions. In July 1997, while employed as a full-time technical assistant in the radiology department, she was injured in an unknown manner at work. As a result, she filed a worker's compensation claim and went on leave.

Williams was returned to "full duty status" and "sent back to work" in March 1998. However, when she returned to work, the head of Temple's administrative department informed her that her position had been eliminated. (A letter announcing her termination was actually first placed in her file in January 1998, but she was not notified of this.) She was offered in its stead a part-time, night-shift and weekend position in the

dietary department, which she apparently did not accept. Williams alleges that she learned later that her position had not, in fact, been eliminated.

In response to her firing, Williams consulted a representative of her union, District Council 1199C. District Council filed a grievance on her behalf. How and whether this grievance was addressed is unknown; however, Williams did not regain her job and has not been "paid out." Some time after the grievance was filed, Williams wrote to District Council and received a letter in response from its president, Henry Nicholas, offering to "help" her, but that promise was "false." She also wrote letters to Temple, which received no answer.

Williams filed discrimination charges against Temple with the Equal Employment Opportunity Commission in 1998, 1999, 2000, and 2004. The EEOC found her 2004 charges untimely and issued her a right-to-sue letter on June 1, 2005.[1] On June 23, 2005, Williams, appearing pro se, filed suit against Temple, District Council, and certain individual employees of Temple.[2] In August 2005, District Council filed a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and lack of proper service; shortly thereafter, Temple filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

The District Court then granted defendants' motions to dismiss, finding that it lacked subject matter jurisdiction because Williams failed to "allege[] any cause of action

---

[1] The disposition, if any, of her prior EEOC charges is unknown.

3

arising under any federal law, [or] . . . violation of any federal statute"; that Williams failed to state a claim with respect to any state law claims because they were barred by the statute of limitations; and that "the discrimination claim" was barred by the statute of limitations.

## II.

We exercise plenary review over a district court's grant of a motion to dismiss. *United States Dep't of Trans. ex rel. Arnold v. CMC Eng'g*, 564 F.3d 673, 676 (3d Cir. 2009). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Williams argues that her pro se complaint presented a cognizable federal claim of disability discrimination under the ADA. We agree. Although we appreciate the difficulties the District Court must have had in deciphering her inartful complaint, Williams's repeated uses of the word "discrimination," along with the facts she alleged, especially the references to the EEOC and the right-to-sue letter,[3] were sufficient to convey that she was alleging a cause of action arising under the ADA. Indeed, the

---

[2] The disposition of Williams's claims against the individual Temple employees is unclear, but those claims are not before us.

[3] Williams discusses the EEOC only in a "motion to quash" she filed in response to Temple and District Council's motions to dismiss. The District Court considered and relied on this information in making its decision. Especially given that Williams appeared pro se, we believe it is appropriate to take this information into consideration in evaluating the sufficiency of the complaint.

District Court itself later spent a paragraph discussing her "discrimination claim" and makes reference to federal statutes of limitation in that analysis. It was therefore incorrect to dismiss Williams's claim under Fed. R. Civ. P. 12(b)(1).[4]

However, although Williams's complaint alleged an ADA claim with sufficient clarity to invoke federal-question jurisdiction, it did not do so with sufficient particularity to state a claim under the requirements of Fed. R. Civ. P. 12(b)(6).[5] In resolving a motion under 12(b)(6), a district court, accepting the plaintiff's factual allegations as true, must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009)). This standard is not an extraordinarily high one. In *Fowler*, a case in which we considered post-*Iqbal* standards for pleading violations of the ADA, we held that a plaintiff had sufficiently pleaded her complaint, even though it did not establish the elements of a prima facie case, primarily because she had "identifie[d] an impairment" and alleged a limitation to sedentary work which "plausibly suggest[ed] that she might be substantially limited in the major life activity of working." *Id.* at 213. However, in this case, Williams's complaint did not plausibly identify an impairment, allege a limitation, or otherwise indicate how she might

---

[4] Williams argues that she also made a 42 U.S.C. § 1983 claim of denial of due process in her complaint. But, even reading the complaint with great liberality, it is not possible to discern an allegation of a § 1983 claim within.

be substantially limited in a major life activity. It merely states that she was injured at work but was later "sent back to work" on "full duty status." Her complaint therefore does not allege facts sufficient to give rise to a plausible claim for relief.[6]

Williams also argues that, as the District Court found that it lacked subject-matter jurisdiction, it lacked the authority to determine her state-law claims on statute of limitations grounds. Her argument as stated is correct; a court cannot decide a case on the merits once it determines that it lacks subject matter jurisdiction. *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997). However, since, as just discussed, the District Court actually did have jurisdiction, it also had the authority to resolve Williams's state-law claims on the merits under 12(b)(6), *see, e.g.*, *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 897-98 (3d Cir. 1987), and did so correctly. A statute of limitations defense may be raised in a 12(b)(6) motion "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). In this case, Williams does not now argue that she suffered any harm within the limitations period. Instead, she argues that her complaint raised the possibility that either equitable tolling or the continuing violation

---

[5] We may affirm a district court's decision on any grounds supported by the record. *See Hughes v. Long*, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[6] Because Williams's complaint does not state a claim for relief under the ADA, it is not necessary to consider whether the District Court's analysis of the applicable statute of limitations issues is correct. However, we note that a plaintiff under the ADA generally has 300 days after an act of discrimination occurs *to file a claim with the EEOC*, not to file a complaint in federal court, as the District Court suggests. *See, e.g., Watson v. Eastman Kodak Co.*, 235 F.3d 851, 852 (3d Cir. 2000).

doctrine applies to extend that period because Temple's silence after her termination and the promises of help allegedly made by District Council misled her into sitting on her rights and themselves represented a violation of due process. The Complaint does not, however, bear a construction excusing the seven-year delay in filing suit.

## III.

For the foregoing reasons, we will affirm the decision of the District Court.