PS5-204                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1684
_____

OLAND BRISCO,
                                        Appellant

v.

JOHN DOE, individual and official capacity, citizen of State of New Jersey driver;
JOHN DOE PASSENGER, individual capacity, citizen of State of New Jersey;
GEORGE MUSCHAL, individual capacity as former Mayor of Trenton;
JOHN DOE, individual capacity, Chief of Police;
CHRISTOPHER CHRISTIE, individual and official capacity, Governor of New Jersey
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:14-cv-05173)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2015

Before:  CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Opinion filed: September 14, 2015)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Oland Brisco appeals pro se from the District Court's order dismissing his complaint for lack of jurisdiction. We will affirm that judgment.

I.

According to Brisco, in March 2014, he was riding his bicycle on a street in Trenton, New Jersey, when he encountered "broken glass debris" in the road. At the same time, a car carrying two unidentified individuals refused to slow down as it passed Brisco, deliberately striking him (and almost knocking him off his bicycle) before speeding away. Brisco suffered injuries from this incident and had to seek medical treatment. He reported the incident to the police but claims that the ensuing investigation was inadequate. In light of these alleged events, Brisco filed a pro se civil rights complaint in the District Court against New Jersey Governor Christopher Christie, former Trenton Mayor George Muschal, a "John Doe" chief of police, and the two John Does who were in the car.[1] The claims against Christie and Muschal appeared to stem from their alleged failure to maintain the roads in Trenton, and Brisco claimed that their conduct violated his rights under the First, Second, Eighth, and Fourteenth Amendments.

After initiating this case, Brisco filed multiple motions in the District Court, seeking various preliminary injunctive relief. Meanwhile, Christie and Muschal each moved to dismiss the complaint. On March 3, 2015, the District Court granted the

---

[1] There is no indication that the three John Doe defendants in this case were ever served with the complaint.

2

motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), concluding that it lacked subject matter jurisdiction over the case because the complaint failed to present a federal question.[2] The District Court did not rule on Brisco's motions for preliminary injunctive relief. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We review de novo the District Court's dismissal of Brisco's complaint under Rule 12(b)(1). See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 530 (3d Cir. 2012). Dismissal under Rule 12(b)(1) "is not appropriate merely because the legal theory alleged [in the complaint] is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987) (quoting Oneida Indian Nation v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)). "The threshold to withstand a motion to

---

[2] The District Court noted that, even if it had jurisdiction over the complaint, dismissal would still be warranted under Federal Rule of Civil Procedure 12(b)(6) because "neither former Mayor Mushcal [sic] nor Governor Christie [is a] 'person[]' who may be sued under [42 U.S.C.] § 1983 for actions taken in [his] official capacit[y]." (Dist. Ct. Order entered Mar. 3, 2015, at 3 n.1.) Because we agree with the District Court that dismissal was appropriate under Rule 12(b)(1), we need not consider its Rule 12(b)(6) analysis.

[3] Although the District Court did not dismiss Brisco's claims against the three unserved defendants, the District Court's March 3, 2015 order is nevertheless final and appealable because those three defendants are not considered parties to this lawsuit. See De Tore v. Local #245 of the Jersey City Pub. Emps. Union, 615 F.2d 980, 982 n.2 (3d Cir. 1980).

dismiss under [Rule] 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989).

In this case, Brisco failed to meet the threshold to survive dismissal under Rule 12(b)(1). Because there is no diversity jurisdiction in this case, see 28 U.S.C. § 1332, the District Court can exercise jurisdiction over Brisco's complaint only if this civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Brisco's complaint does cite several constitutional provisions in passing, "[w]e are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). As the District Court observed, Brisco's allegations against Governor Christie and former Mayor Muschal appear to contend that those defendants' failure to maintain the roads in Trenton contributed to Brisco's bicycle accident. We agree with the District Court that these allegations appear to be an effort to raise a state law tort claim for negligence, and that Brisco's efforts to cloak that claim in constitutional garb are insufficient to trigger federal question jurisdiction under § 1331.

In light of the above, we will affirm the District Court's dismissal of Brisco's complaint for lack of jurisdiction.[4] To the extent that Brisco's brief requests any additional relief, that request is denied.

---

[4] As noted above, the District Court did not rule on Brisco's motions for preliminary injunctive relief. But we need not disturb the District Court's judgment on that basis because, again, the District Court lacked jurisdiction to consider the merits of his claims (let alone award preliminary or permanent relief on those claims).