**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3463
_____

IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION


PAUL DUMPSON,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-07-md-1871 & No. 2-10-cv-02476)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2014

Before:  FUENTES, SHWARTZ, *Circuit Judges*, and ROSENTHAL, *District Judge*.[1]

(Filed: April 25, 2014)


_____

OPINION
_____

---

[1] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District
of Texas, sitting by designation.

FUENTES, *Circuit Judge*:

Paul Dumpson is a former user of Avandia, an oral medicine that is manufactured by GlaxoSmithKline and approved by the FDA to treat Type 2 diabetes. On behalf of himself and a class of similarly situated people, [2] Dumpson seeks a refund of payments for Avandia, including insurance co-payments. The District Court dismissed Dumpson's complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm the District Court's dismissal of Dumpson's claims with prejudice.

**I.**

Dumpson, a California resident, took Avandia to treat his Type 2 diabetes between 2000 and 2007. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), Dumpson subsequently filed a putative class action against GlaxoSmithKline in the Eastern District of Pennsylvania. The District Court dismissed his original complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), but granted him leave to amend the complaint.

As in the original complaint, the Amended Complaint alleges that GlaxoSmithKline violated three California consumer protection statutes: the Consumers Legal Remedies Act, the Unfair Competition Law, and the False Advertising Law.[3] *See* Cal. Civ. Code § 1750; Cal. Bus. & Prof. Code §§ 17200, 17500. In particular, Dumpson alleges that GlaxoSmithKline "had longstanding knowledge of the dangers associated

---

[2] No class has been certified, since the District Court did not rule on a motion for class certification prior to dismissing Dumpson's complaint.

[3] Dumpson also asserted a claim for unjust enrichment. He has not appealed the District Court's dismissal of this claim.

2

with Avandia, including significant heart attack or heart-disease related risks," but "concealed these dangers in order to promote its drug." J.A. 21. He claims that GlaxoSmithKline's warnings for Avandia "may not have been sufficient enough for [his] endocrinologist to prescribe Avandia to" him and that his doctor "might have considered prescribing [him] an alternative medication" had different warnings been provided. J.A. 22.

The District Court dismissed the Amended Complaint with prejudice, holding that Dumpson "has not alleged any harm to him: he does not allege that his health was impaired by the use of Avandia, nor does he identify what he would have paid for some other drug had he not taken Avandia, or anything beyond that his physician 'might have considered prescribing'" another medication. J.A. 5. In dismissing the Amended Complaint, the District Court also pointed out that Dumpson "fails to allege what advertising materials or information he or his (unidentified) prescribing physician read or relied upon." J.A. 5. Additionally, the court denied Dumpson leave to amend the complaint, reasoning that "further amendment would be inequitable and likely futile" because the "complaint still fails to state a cause of action." J.A. 6.

Dumpson appeals from the District Court's dismissal of his complaint and its denial of leave to amend the complaint.[4]

---

[4] We have jurisdiction over this action pursuant to 28 U.S.C. § 1291. We are also satisfied that Dumpson's allegations are sufficient to establish Article III standing even though, as set forth herein, they are legally insufficient to provide a basis for relief. *See* *Kulick v. Pocono Downs Racing Ass'n.*, 816 F.2d 895, 899 (3d Cir. 1987) (dismissal for lack of jurisdiction is not appropriate simply because the legal theory is foreclosed or lacks merit). We exercise plenary review over a district court's dismissal for failure to

## II.

### A.

We have carefully reviewed the record and the parties' arguments. For substantially the same reasons set forth by the District Court, we conclude that Dumpson failed to state a claim upon which relief can be granted. Therefore, we affirm the District Court's dismissal of the Amended Complaint.

### B.

We next consider whether the District Court abused its discretion in denying Dumpson leave to amend his complaint. A district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Denial of leave to amend a complaint is especially appropriate where a party has already been given the opportunity to amend the complaint. *See id.* at 374 ("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint.").

Here, the District Court granted Dumpson an opportunity to amend his original complaint, but Dumpson failed to cure the complaint's pleading deficiencies. We agree with the District Court that "further amendment would be inequitable and likely futile," J.A. 6, and therefore affirm the denial of leave to amend the complaint.

### III.

state a claim. *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010). We review a district court's denial of leave to amend a complaint for abuse of discretion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

4

For the foregoing reasons, we affirm the District Court's dismissal of Dumpson's complaint with prejudice.