**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 15-2145

————————

IN RE: AVANDIA MARKETING SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Staci Laurino,
            Appellant

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Nos. 2-12-cv-03683 and 2-07-md-01871)
District Judge: Hon. Cynthia M. Rufe

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2016

BEFORE: FISHER, CHAGARES AND COWEN, <u>Circuit Judges</u>

(Opinion Filed: February 12, 2016)

————————

OPINION[*]

————————

COWEN, <u>Circuit Judge</u>.

    Plaintiff Staci Laurino appeals from the order of the United States District Court

for the Eastern District of Pennsylvania granting the motion to dismiss filed by Defendant

———————————

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

GlaxoSmithKline LLC ("GSK").  We will affirm.

I.

Laurino is a former user of Avandia, a prescription diabetes drug manufactured by GSK.  The drug works by lowering blood sugar levels.  On behalf of a putative class of similarly situated individuals, she alleged that GSK violated the Missouri Merchandising Practices Act ("MMPA").  According to her amended complaint, GSK, even though it had notice of the "dangerous propensities" associated with Avandia, "engaged in misrepresentations, and failed to adequately advise consumers and medical providers of the risks of Avandia, including but not limited to the increased risk of heart attacks and deaths." (JA71.)  Laurino further alleged that Avandia is not more efficacious than other treatments for Type II diabetes and that the drug significantly increases the risk of heart-related diseases.  "The actual value of Avandia was/is significantly less than the value of Avandia as represented by GSK, and thus, Plaintiff and other consumers suffered ascertainable loss when they purchased Avandia." (JA72.)  She sought damages equal to the difference between the drug's actual value and the value of the drug had it been as represented by GSK.

The initial complaint was filed in the United States District Court for the Eastern District of Missouri.  The matter was transferred to the Avandia MDL proceeding pending in the Eastern District of Pennsylvania.  After Laurino filed an amended complaint, GSK moved to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under

2

Federal Rule of Civil Procedure 12(b)(6). Relying on a non-precedential opinion considering a similar claim arising out of this MDL proceeding, see In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 564 F. App'x 672 (3d Cir. 2014), the District Court indicated that Laurino had standing. Nevertheless, the District Court then determined that Laurino received all of the benefits of taking Avandia without suffering any harm and thereby sustained no ascertainable loss. Because she failed to state a claim under the MMPA (and because the District Court believed that any further amendment would be inequitable and likely futile), it dismissed the amended complaint with prejudice.

## II.

Under the MMPA, "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . , in or from the state of Missouri, is declared to be an unlawful practice."[1] Mo. Stat. Ann. § 407.020.1. "Any person who

---

[1] The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. GSK argues that Laurino failed to allege the injury in fact and causation required for standing under Article III of the Constitution for the same reasons that she had failed to state a claim under the MMPA. As the District Court observed, this Court held in another Avandia appeal that it "was 'satisfied that [the plaintiff's] allegations are sufficient to establish Article III standing even though, as set forth herein, they are legally insufficient to provide a basis for relief.'" Laurino v. SmithKline Beecham Corp. (In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.), 100 F. Supp. 3d 441, 444 (E.D. Pa. 2015) (quoting Avandia, 564 F. App'x at 673 n.4). We see no reason to reach a different conclusion in this appeal.

We exercise de novo review over a district court's order granting a motion to

purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of" an unlawful practice may bring a civil action. Mo. Stat. Ann. § 407.025.1.

The District Court concluded that Laurino failed to satisfy this "ascertainable loss" requirement. Laurino vigorously contests the District Court's conclusion. According to her, the District Court erroneously relied on the lack of physical injury and "misapplied Missouri law providing that ascertainable loss can be established through the benefit-of-the-bargain rule, 'which compares the actual value of the item to the value of the item if it had been as represented at the time of the transaction.'" (Appellant's Brief at 9 (quoting Plubell v. Merck & Co., Inc., 289 S.W.3d 707, 715 (Mo. Ct. App. 2009)).) Laurino argues that the District Court rejected the state's benefit-of-the-bargain rule, impermissibly opined on her ability to prove damages, disregarded Missouri case law (especially the opinion rendered by the Missouri Court of Appeals in Plubell) in violation of well-established principles governing how federal courts must apply state law, and improperly relied on unrepresentative federal decisions that are inconsistent with other federal court decisions applying Missouri law. We nevertheless agree with the District Court and GSK that "Plaintiff received all the benefits of taking Avandia without any harm, and therefore suffered no [ascertainable] loss." Laurino, 100 F. Supp. 3d at 447.

_____

dismiss pursuant to Rule 12(b)(6). See, e.g., Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). The plaintiff must allege in the complaint "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court reviews a district court's refusal to grant leave to amend for abuse of discretion. See, e.g., Gen. Refractories Co. v. Fireman's Fund Ins.

Initially, the District Court properly applied the general standards governing motions to dismiss for failure to state a claim as well as the principles guiding the federal courts in their application of state law. As the District Court recognized, a federal court, in the absence of a state supreme court ruling on point, looks to the pronouncements of the lower state courts as well as federal cases interpreting state law. See, e.g., State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 713 (3d Cir. 2000). Accordingly, the District Court thoroughly considered the Plubell opinion, pointing, inter alia, to the state intermediate appellate court's holding that, "because the plaintiffs alleged the drug was worth less than the product as represented, 'they stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule,' and therefore did not need to show the cost of alternative therapy." Laurino, 100 F. Supp. 3d at 446 (quoting Plubell, 289 S.W.3d at 714-15). However, the Missouri Court of Appeals explained "that it was ruling in the context of class certification under Missouri law, at which stage of the proceedings 'whether a plaintiff is able to prove a theory is irrelevant because the sole issue is whether the certification requirements were met.'" Id. (quoting Plubell, 289 S.W.3d at 715). According to the Plubell court, it did not "inquire whether the plaintiffs will prevail on the merits or even whether the plaintiffs have stated a cause of action." Plubell, 289 S.W.3d at 713 (citing Craft v. Philip Morris Cos., 190 S.W.3d 368, 377 (Mo. Ct. App. 2005)). In contrast, we (like the District Court) must decide whether the plaintiff "fail[ed] to state a claim upon which relief can be granted" pursuant to Rule

Co., 337 F.3d 297, 303 n.1 (3d Cir. 2003).

5

12(b)(6). See Saavedra v. Eli Lilly & Co., No. 2:12-cv-9366-SVW (MANx), 2014 WL 7338930, at *5 (C.D. Cal. Dec. 18, 2014) ("Moreover, Plubell made this statement while considering class certification under a state procedural rule that did not allow courts to conduct even a preliminary inquiry into the merits of plaintiffs' claims." (citing Plubell, 289 S.W.3d at 712)); Mikhlin v. Johnson & Johnson, No. 4:14-CV-881 RLW, 2014 WL 6084004, at *3 (E.D. Mo. Nov. 13, 2014) (distinguishing Craft, Plubell, and Hope v. Nissan North America, Inc., 353 S.W.3d 68 (Mo. Ct. App. 2011), as class certification cases).

Laurino received the drug she was prescribed, the drug did the job it was meant to do (i.e., controlled her blood sugar levels), and it caused no apparent physical injuries. Under such circumstances, there could be no ascertainable loss. "[S]he 'received all the benefits [she] desired and [was] unaffected by Defendants' alleged concealment.'" Laurino, 100 F. Supp. 3d at 446 (quoting In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig., 687 F. Supp. 2d 897, 912 (W.D. Mo. 2009)). In short, Laurino received the benefit of the bargain and accordingly sustained no ascertainable damages under the MMPA. See, e.g., Mikhlin, 2014 WL 6084004, at *3 ("The Court, however, agrees with the reasoning of In re BPA I in holding that Plaintiffs have suffered no injury. Plaintiffs allege that they used Johnson's® Baby Powder, but do not allege that they have suffered any medical consequences. . . . The Court believes Plaintiffs' proposed liability theory, which requires no demonstrable loss of any benefit, would lead to absurd results and holds that Plaintiffs fail to state a claim as a matter of law."

(footnotes omitted)); Bisphenol-A, 687 F. Supp. 2d at 912 ("The second category of Plaintiffs consists of those who disposed of or used the products before learning about BPA. . . . While they may contend they would not have purchased the goods had they known about BPA, these Plaintiffs received 100% use (and benefit) from the products and have no quantifiable damages.").

According to Laurino, the District Court committed reversible error by dismissing her amended complaint with prejudice. While continuing to insist that the District Court misinterpreted Missouri law, she asserts that, if we disagree, "amendment should be allowed to address issues on which the district court ruled for the first time below." (Appellant's Reply Brief at 25.) However, she does not provide any indication that the fundamental "ascertainable loss" deficiency identified by the District Court could be corrected in a second amended complaint. Accordingly, the District Court did not abuse its discretion by concluding that "to allow any further amendment would be inequitable and likely futile." Laurino, 100 F. Supp. 3d at 447 (footnote omitted).

III.

For the foregoing reasons, we will affirm the order of the District Court granting Avandia's motion to dismiss.

7