**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2072
_____

JEFFREY J. PROSSER; JOHN P. RAYNOR,
Appellants
v.

GRETCHEN C.F. SHAPPERT, Virgin Islands USA, in her Official Capacity;
MERRICK B. GARLAND, the U.S. Attorney General in his Official Capacity
_____

On Appeal from the District Court
for the Virgin Islands
(D.C. No. 3:21-cv-00026)
District Judge: Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 10, 2024

Before: CHAGARES, *Chief Judge*; MONTGOMERY-REEVES and FISHER, *Circuit Judges*.

(Opinion filed: January 16, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

Jeffrey J. Prosser and John P. Raynor ("Plaintiffs") appeal the District Court's

orders dismissing their claims and denying their motion for reconsideration. Because the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court correctly concluded that Plaintiffs had failed to state a claim for which relief can be granted, we will affirm the District Court's orders.

## I.     BACKGROUND

In March 2021, Plaintiffs filed a complaint in the District Court of the Virgin Islands seeking declaratory judgments that they are entitled to certain documents (the "Complaint"). District Court Docket No. 3:21-cv-00026, ECF No. 1 (hereinafter "Compl."). The Complaint stated that "[j]urisdiction exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; 42 U.S.C. § 1983 (depravation of rights) which presents a Federal Question under 28 U.S.C. § 1331; and 5 U.S.C. §§ 701-706 (Judicial Review under the Administrative Procedure Act)." Compl. 4. The Complaint listed the defendants as Gretchen Shappert, the Virgin Islands United States Attorney, and Merrick Garland, the United States Attorney General, both named solely in their official capacities ("Defendants"). The Complaint also stated that "[t]his action seeks only to obtain documents, EVIDENCE, necessary to end the Deprivation and to redress: the Enterprise Retaliatory Acts and the Enterprise's Financial Racketeering Activities." Compl. 9. The only relief sought by the Complaint are two declaratory judgments: one declaring that Plaintiffs are entitled to sealed documents in a criminal proceeding to which they are not parties and another declaring that they are entitled to documents that they allege are in the possession of the U.S. Department of Justice (the "DOJ").

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. The District Court granted their motion and dismissed the Complaint. Plaintiffs filed a motion for reconsideration that did not address the District

Court's basis for dismissing the Complaint, but instead argued exclusively that the Virgin Islands Bankruptcy Court is unlawfully constituted and requested that the District Court stay all proceedings in the Bankruptcy Court and adjudicate whether the Bankruptcy Court is lawfully constituted. The District Court denied the motion for reconsideration. Plaintiffs appealed.

## II. DISCUSSION[1]

Plaintiffs have appealed the dismissal of their claims and the denial of their motion for reconsideration of that dismissal. We address each decision in turn below.

### A. Motion to Dismiss

We review de novo the District Court's dismissal of a complaint under Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. *GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 34 n.5 (3d Cir. 2018) (quoting *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017)); *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 264 (3d Cir. 2013) (citing *Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 765 (3d Cir. 2013)).

As to subject matter jurisdiction, the District Court correctly held that neither the Declaratory Judgment Act nor the Administrative Procedure Act provide an independent

---

[1] The District Court had jurisdiction to determine its own jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)), and under 28 U.S.C. § 1331. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

basis for subject matter jurisdiction in this case. *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017); *Califano v. Sanders*, 430 U.S. 99, 105 (1977). But Plaintiffs attempt to plead a § 1983 claim, which does give rise to federal question jurisdiction under § 1331. *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897 (3d Cir. 1987). Thus, the District Court erred in holding that it lacked subject matter jurisdiction.

Regardless, the District Court correctly dismissed the Complaint for failure to state a claim for three reasons. First, "federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998) (collecting cases). There are no allegations in the Complaint that either Shappert or Garland ever acted under color of *state* law. Therefore, both Defendants are facially exempt from liability under § 1983.

Second, Plaintiffs cannot use one district court judge to overrule an order of a different district court judge. Here, Plaintiffs seek sealed records in a criminal proceeding before the District Court of the Virgin Islands (the "Williams Court"). Plaintiffs correctly filed a motion to unseal the records in front of the Williams Court. But Plaintiffs must wait for the Williams Court to rule on their motion. If Plaintiffs do not like the ruling, they may appeal the decision. Alternatively, if there is a legal basis to do so, Plaintiffs may file a writ of mandamus seeking to compel the Williams Court to rule on the pending motion. *See Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) ("[A]n appellate court may issue a writ of mandamus on the ground that undue delay is

tantamount to a failure to exercise jurisdiction[.]").  But there is no basis for the District Court here to review the decision of the Williams Court to seal the documents at issue.

Third, Plaintiffs cannot circumvent the process outlined in the Freedom of Information Act ("FOIA") to obtain the documents they seek from the DOJ here.  Until Plaintiffs have filed a FOIA request, and the DOJ has denied that request, they cannot seek the documents from the DOJ through the District Court.  *See McDonnell v. United States*, 4 F.3d 1227, 1236–41 (3d Cir. 1993).  We will therefore affirm the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

### B.  Motion for Reconsideration

"[This] Court reviews a denial of a motion for reconsideration under an abuse-of-discretion standard."  *United States ex rel. Ascolese v. Shoemaker Constr. Co.*, 55 F.4th 188, 193 (3d Cir. 2022) (citing *B.C. v. Att'y Gen. U.S.*, 12 F.4th 306, 313 (3d Cir. 2021)).  "The purpose of such a motion is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling."  *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999)).  These "motions 'are granted for "compelling reasons," such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier.'"  *Id.* (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009) (internal citations omitted)).  While "[m]otions to reconsider empower the court to change course when a mistake has

5

been made, they do not empower litigants . . . to raise their arguments, piece by piece." *Id.* at 732–33 (alterations in original) (quoting *Solis*, 557 F.3d at 780).

Here, the District Court dismissed the Complaint, which sought declaratory judgments that Plaintiffs were entitled to certain documents, for lack of subject matter jurisdiction and for failure to state a claim. In response, Plaintiffs filed a motion for reconsideration that did not address any of the grounds for dismissal but instead solely attacked the legality of the Virgin Islands Bankruptcy Court and requested that the District Court stay all bankruptcy proceedings in the Virgin Islands and adjudicate whether the Virgin Islands Bankruptcy Court was lawfully constituted. This request for relief is not included in the Complaint; Plaintiffs did not raise the argument that the Virgin Islands Bankruptcy Court is unlawfully constituted in their opposition to the motion for dismiss; and both the requests and argument are irrelevant to the District Court's bases for dismissing the Complaint. Therefore, the District Court did not abuse its discretion by denying the motion for reconsideration.

## III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's orders dismissing the claims and denying the motion for reconsideration.